## Louisville Ry. Co. v. Branham.

(Decided Dec. 17, 1935.)

HOWARD B. LEE, ALFRED C. KRIEGER and LEE & KRIEGER for appellant.

C. G. BARRICKMAN and ALLEN & FRANKENBERGER for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The Louisville Railway Company has appealed from a $1,500 judgment entered against it upon a verdict returned by nine of the jury.

Mrs. Branham testified she boarded one of the defendant's street cars on Sunday, May 7, 1933, at 1:55 p. m. at Preston and Oak streets, and that when she went to leave the car at Preston and Woodbine some minutes later, the door seemed to give back, the step went down, and she fell, and was injured.

There is great confusion in the evidence. The plaintiff's evidence concerns an accident in which plaintiff fell from a yellow car with collapsible steps and was assisted to rise by a lady standing near, who came to her assistance, the accident occurring some minutes after 2 p. m. on Sunday, while the evidence for the defendant concerns the fall of a lady from a car fitted with stationary steps which occurred at 1:40 p. m. on Saturday, and the lady was assisted to rise by the conductor. The record shows the defendant was then operating on this line some cars fitted with stationary steps and others fitted with collapsible steps. Mrs. Branham said the step which caused her to fall was not stationary. No question is made as to the sufficiency of the evidence to support the verdict, the form of the

instructions given, and the sole ground urged for reversal is the refusal of the court to give two concrete instructions offered by the defendant.

One of the instructions refused is:

"If the jury believe from the evidence that the plaintiff caught her foot or heel, and that caused her to fall, then the law is for the defendant, and you should so find."

The correctness of the court's action in refusing this instruction is obvious, for it may have been the negligent manner in which the defendant maintained or operated this car that caused the plaintiff to catch her foot or heel and thus caused her to fall.

The other refused instruction is:

"If you believe from the evidence that the step in question was a stationary step and was not movable, then the law is for the defendant, and you should so find."

Had the court given this instruction, it would have limited plaintiff's right to recover to collapsible steps only, whereas her cause of action pleaded in her petition and amended petition is based upon the unsafe condition of the steps and negligent operation and maintenance of the defendant's car, without regard to any particular class of steps, and, therefore, it is immaterial that she may have been mistaken as to whether the steps which caused her to fall were of the collapsible or stationary class, for either class may have become loose or otherwise unsafe. We think the court properly refused the offered instruction.

Wherefore, the judgment is affirmed.

The whole court sitting.